

United States District Court
Southern District of Texas
FILED

NOV 16 2021

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § <br> § <br> v. § <br> § Criminal No. M-21-2028-S1 <br> ALONDRA JACQUELINE DE LEON § <br> PABLO TALAVERA, JR. § | |

### SUPERSEDING INDICTMENT

**THE GRAND JURY CHARGES:**

#### Count One

From on or about May 26, 2021 to on or about September 16, 2021, in the Southern District of Texas and within the jurisdiction of the Court, defendant,

**ALONDRA JACQUELINE DE LEON**

did unlawfully, knowingly and intentionally combine, conspire, confederate and agree with others known and unknown to the grand jury, to knowingly conduct and attempt to conduct a financial transaction that affected interstate and foreign commerce which involved the proceeds of a specified unlawful activity, that is, conspiracy to possess with intent to distribute a control substance, in violation of Title 21 of the United States Code, Sections 846, 841(a) and that while conducting or attempting to conduct said transaction the defendant knew that the property or currency involved represented the proceeds of some form of unlawful activity and that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity.

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and (h).

#### Count Two

On or about September 10, 2021, in the Southern District of Texas and within the jurisdiction of the Court, defendant,

**ALONDRA JACQUELINE DE LEON**

did knowingly and willfully export and cause to be exported and attempted to export and attempted to cause to be exported into the United Mexican States from the United States of America a defense article, to wit: a LifeCard, .22 caliber pistol, serial number 22223, which was designated as defense article on the United States Munitions List, without having first obtained from the Department of State a license for such export or written authorization for such export.

In violation of Title 22, Untied States Code, Sections 2778(b)(2) and 2778(c), and Title 22, Code of Federal Regulations, Sections 121.1, 123.1, 127.1, and 127.3.

### Count Three

From on or about August 19, 2019 to on or about September 16, 2021, in the Southern District of Texas and within the jurisdiction of the Court, defendant,

**PABLO TALAVERA, JR.**

did knowingly and intentionally conspire and agree with other persons known and unknown to the Grand Jurors, to possess with intent to distribute a controlled substance. The controlled substance involved was 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and one kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A).

### NOTICE OF FORFEITURE
### 22 U.S.C. §2778

Pursuant to Title 22, United States Code, Section 401 and Title 28, United States Code, Section 2461(c), the United States gives notice to defendant,

**ALONDRA JACQUELINE DE LEON**

that upon conviction of a violation of Title 22, United States Code, Section 2778, the Arms Export Control Act, all (firearms and/or ammunition) involved in said violation are subject to forfeiture, including but not limited to the following:

a LifeCard .22 caliber pistol, serial number 22223

**NOTICE OF CRIMINAL FORFEITURE**
**21 U.S.C. § 853**

Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Section 846, the defendant,

**ALONDRA JACQUELINE DE LEON**

shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense.

**MONEY JUDGMENT AND SUBSTITUTE ASSETS**

The United States gives notice that it will seek monetary judgment against the defendant. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

                                                A TRUE BILL

                                                FOREPERSON

JENNIFER B. LOWERY
ACTING UNITED STATES ATTORNEY

*(signed)* Robert Wills
ASSISTANT UNITED STATES ATTORNEY